IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CIARRA PARSON, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MATTRESS DEPOT, LLC, § <br> d/b/a THE MATTRESS DEPOT, et al., § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:23-CV-00526-ALM-AGD |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pending before the court is Plaintiff's Original Complaint (Dkt. #1), Defendants' Original Answer (Dkt. #7), and Plaintiff's Motion for Default Judgment (Dkt. #22). Having reviewed the relevant pleadings and the procedural history of the instant matter, the court recommends that Defendants' Original Answer (Dkt. #7) be stricken and Plaintiff's Motion for Default Judgment be denied without prejudice.

**BACKGROUND**

On June 7, 2023, Plaintiff filed her Original Complaint against Defendants Mattress Depot, LLC and The Gaylord Group, Inc., each d/b/a The Mattress Depot (Dkt. #1). After receiving an extension of the answer deadline, Defendants filed their Original Answer on September 5, 2023 (Dkt. #7). The parties then notified the court that they had reached a settlement and intended to enter an Agreed Judgment (Dkt. #9 at p. 3). The court ordered the parties to submit necessary closing documents by November 6, 2023 (Dkt. #10). On November 6, 2023, the parties requested

REPORT AND RECOMMENDATION

an extension of time to file an Agreed Judgment (Dkt. #11), which the court granted on November 7, 2023 (Dkt. #12).

On November 20, 2023, Plaintiff notified the court that the parties were unable to reach an agreement (Dkt. #13). Then, on January 29, 2024, counsel for Defendants filed an Unopposed Motion for Leave to Withdraw as Counsel (Dkt. #20), which the court granted on February 4, 2024 (Dkt. #21). In the February 4, 2024, Order, the court informed Defendants that, as fictional legal persons, they were not permitted to proceed *pro se* (Dkt. #20 at p. 2). The court gave Defendants until March 5, 2024, to retain counsel (Dkt. #20 at p. 2). The court warned Defendants that if they "fail to retain counsel by the deadline, the court will take the necessary action to move the case forward, including but not limited to the court's recommendation that any pleadings by Defendants be stricken." (Dkt. #20 at p. 2). Following no action from Defendants, Plaintiff filed a Motion for Default Judgment on April 15, 2024 (Dkt. #22).

## LEGAL STANDARD & ANALYSIS

### *Striking a Pleading*

It is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *S.W. Exp. Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982)). "Although 28 U.S.C. § 1654 authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations. The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney." *Id.* (citing *Rowland*, 506 U.S. at 202).

"[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Id.* "[L]ower courts in the Fifth Circuit routinely strike

filings submitted by unrepresented corporate defendants acting *pro se*." *Murillo v. Coryell Cnty. Tradesmen, LLC*, No. , 2016 WL 7441146, at *2 (E.D. La. Dec. 27, 2016). "In virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case." *Memon*, 385 F.3d at 874 (citations omitted).

On January 29, 2024, counsel for Defendants moved to withdraw from the instant matter because "Defendants failed on multiple occasions to fulfill their obligations to Platt Richmond in regard to Platt Richmond's services as per the engagement agreement." (Dkt. #20 at p. 3). Additionally, the Motion to Withdraw stated that the attorney assigned to this matter was "leaving the law firm," and "[t]herefore, continued representation of the Defendants has been rendered unreasonably difficult and will result in an unreasonable financial burden." (Dkt. #20 at p.3). Counsel for Defendants informed the court that Defendants consented to the motion to withdraw (Dkt. #20 at p. 3).

In granting Defendants' counsel's motion to withdraw, the court advised Defendants that they were unable to proceed *pro se* as fictional legal persons and must retain counsel within 30 days of the Order or "the court will take necessary action . . . including but not limited to the court's recommendation that any pleadings by Defendants be stricken." (Dkt. #21 at p. 2). The court entered this Order on February 4, 2024. To date, Defendants have not retained counsel or informed the court of any action with regard to retention of new counsel. As such, Defendants remain unrepresented. Having expressly warned Defendants that the court will take action, including recommending that Defendants' pleadings be stricken if Defendants were to fail to retain counsel,

REPORT AND RECOMMENDATION – Page 3

the court now recommends that Defendants' Original Answer (Dkt. #7) be stricken from the record.

***Default Judgments***

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek entry of a default judgment. *See* FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* "In determining whether to enter a default judgment against a defendant, Courts in the Fifth Circuit utilize a three-part analysis: 1) whether the entry of default judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief if any, a plaintiff should receive." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

Here, Plaintiff's Motion for Default Judgment is premature. Pending adoption of this Report and Recommendation, Defendants still have an Answer on file. However, should the District Court adopt this Report and Recommendation that recommends striking Defendant's Answer, Plaintiff's Motion for Default judgment would still not be properly before the court. As a prerequisite to filing a Motion for Default Judgment, Plaintiff must follow the procedure outlined above. That is, request the clerk's entry of default, obtain the clerk's entry of default, and then file a motion for default judgment. As Plaintiff's Motion for Default Judgment is procedurally

deficient, the court recommends denying the Motion (Dkt. #22) without prejudice to refiling the same.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Defendants' Original Answer (Dkt. #7) be **STRICKEN** from the record and that Plaintiff's Motion for Default Judgment (Dkt. #22) be **DENIED** without prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 10th day of July, 2024.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE